PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LORI L. DEEL, *et al.*, | ) |
|        Plaintiffs, | ) CASE NO. 5:16CV1949 |
| v. | ) JUDGE BENITA Y. PEARSON |
| WELLS FARGO BANK, N.A., *et al.*, | ) |
|        Defendants. | ) **MEMORANDUM OF OPINION AND ORDER** |

    *Pro se* Plaintiffs Lori L. Deel and John W. Deel filed this action against Wells Fargo Bank, N.A. ("Wells Fargo"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Lender Processing Services, Inc. ("LPS"), and Liquenda Allotey ("Allotey") to challenge a foreclosure action filed in the Summit County Court of Common Pleas.  Plaintiffs assert claims under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*  Plaintiffs also assert multiple state law claims.  Plaintiffs seek monetary damages.  In addition, Plaintiffs ask that this Court: vacate judgment in the state court foreclosure action; enjoin the sale of the property through Sheriff's auction; void the mortgage and note on the property; award Plaintiffs full, unencumbered title to the property; and enjoin the Defendants from ever making a claim to the property or to the monies owed on the mortgage.

(5:16CV1949)

## I. Background

On December 1, 2006, Plaintiffs executed a note and mortgage in the amount of $134,400.00 in favor of Fremont Investment and Loan ("Fremont") with regard to the property located at 2820 South Main Street, Akron, Ohio 44319. ECF No. 1, ¶¶ 12-13. Freemont nominated MERS to act as the mortgagee. Id. at ¶ 15. On March 12, 2009, the note and the mortgage were transferred to Wells Fargo as Trustee for the Certificate Holders of Carrington Mortgage Trust, Series, 2007-FRE. Id. at ¶¶ 16-17. Plaintiffs claim this assignment was invalid because it was "robo-signed" by Allotey. Id. at ¶¶ 18-20, 27-29. At some point in time not alleged in the Complaint, Plaintiffs defaulted on the mortgage.

For the purposes of judicial efficiency, the Court incorporates by reference prior factual findings as to the proceedings of Plaintiffs' foreclosure action in state court. See Deel v. Wells Fargo Bank, N.A. ("Deel I"), No. 5:15 CV 2042, 2016 WL 1301166, at *1 (N.D. Ohio Apr. 1, 2016) (Lioi, J.). In Deel I, Plaintiff filed an action against Wells Fargo, MERS, LPS, and Allotey, seeking to vacate the judgment of foreclosure, void the note and mortgage, receive clean title to the property, and obtain monetary damages. Id. Plaintiffs' complaint in Deel I listed six counts, which contained a total of eleven claims. Id. at *2. In Count One, Plaintiffs asserted claims under the FDCPA, RESPA, and state law "contending [that] they did not receive proper notice of the transfer of the mortgage into the trust." Id. Plaintiffs also alleged that Defendants "misrepresented the legal status of the note and mortgage by claiming a legal interest in them, and filing a foreclosure action." Id. In Count Two, Plaintiffs asserted "claims for negligence and breach of fiduciary duties [on grounds that Plaintiffs] did not authorize the securitization of their

2

(5:16CV1949)

loan, and claimed the securitization process left their note without a lawful owner, making it void." *Id.*  In Count Three, they asserted that Defendants "made fraudulent representations to them, but [did] not indicate what these fraudulent representations were." *Id.*  Count Four contained "claims for civil conspiracy stating, without explanation, that [D]efendants jointly and separately caused them to suffer damages." *Id.*  In Count Five, Plaintiffs asserted that Defendants "behaved outrageously and are liable to [Plaintiffs] for intentional infliction of emotional distress." *Id.*  Lastly, in Count Six, Plaintiffs asserted that Defendants "violated [RICO] and the Ohio Corrupt Practices Act ("OCPA"), Ohio Rev. Code § 2923.31, by attempting to collect an unlawful debt through a pattern of . . . mail fraud, wire fraud, forgery, and general fraud." *Id.* (quotations omitted).

Defendants each filed Rule 12(b)(1) and 12(b)(6) motions to dismiss Plaintiffs' Complaint in *Deel I*. *Id.*  On April 1, 2016, another division of the Court dismissed the action *on* grounds that: (1) the *Rooker-Feldman* doctrine divests the Court of jurisdiction to overturn a state court judgment (*Id.* at *5-*6); (2) the doctrine of *res judicata* barred the Court from reconsidering matters already decided by the state courts (*Id.* at *6-*7); (3) the statute of limitations expired for their FDCPA claims (*Id.* at *7); (4) Defendants are not debt collectors under the FDCPA (*Id.*); (5) Plaintiffs failed to allege sufficient facts to suggest they had a plausible claim under RESPA (*Id.*); and (6) Plaintiffs' RICO claim failed because Plaintiffs failed to allege facts that supported a finding that Plaintiffs' mortgage was an unlawful debt, nor did Plaintiffs sufficiently plead that Defendants engaged in two predicate offenses (*Id.* at *8). *Id.* at *9.

3

(5:16CV1949)

Plaintiffs have now filed the instant action, which is nearly identical to *Deel I*. In the instant action, Plaintiffs assert the same claims against the same Defendants based on the same facts, and seek the same relief.

## II. Standard for Dismissal

The Court is required to construe Plaintiffs' *pro se* Complaint liberally and to hold Plaintiffs' Complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) (per curiam), District Courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the District Court lacks subject matter jurisdiction over the matter. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).

## III. Law and Analysis

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the

(5:16CV1949)

court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of the doctrine of *res judicata* is "to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. *Id.* Both of these requirements are met in this case.

The Court notes that *res judicata* is an affirmative defense that generally must be raised by the Defendant. Fed.R.Civ.P. 8(c). However, the Supreme Court of the United States and the Sixth Circuit Court of Appeals have indicated that a Court may take the initiative to assert the *res judicata* defense *sua sponte* in "special circumstances." *Arizona v. California*, 530 U.S. 392, 412 (2000); *Hutcherson v. Lauderdale Cty., Tennessee*, 326 F.3d 747, 757 (6th Cir. 2003); *Holloway Constr. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) (affirming a District Court's *sua sponte* assertion of *res judicata* where the District Court decided the original case and adding that "a District Court may invoke the doctrine of *res judicata* in the interests of, *inter alia*, the promotion of judicial economy"). In *Arizona*, the Supreme Court recognized that a "special circumstance" exists when "a Court is on notice that it has previously decided the issue[s] presented." *Arizona*, 530 U.S. at 412 (quotations omitted).

The Court is on notice that Plaintiffs have already litigated their claims against Defendants and the issues presented in this action have already been decided. *See Deel v. Wells Fargo Bank, N.A.*, No. 5:15 CV 2042, 2016 WL 1301166, at *1 (N.D. Ohio Apr. 1, 2016) (Lioi,

5

(5:16CV1949)

J.). Plaintiffs are, therefore, precluded by the doctrine of *res judicata* from litigating this matter for a second time. The Court, hereby, asserts *sua sponte* that Plaintiffs cannot continue to litigate this action in this Court. This lawsuit is barred by the doctrine of *res judicata*.

### IV. Conclusion

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

July 28, 2017                   /s/ Benita Y. Pearson
Date                            Benita Y. Pearson
                                United States District Judge